## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Criminal No.**　08-0012-RMU |
| **vs.** | : | |
| | : | **CONSENT MOTION FOR** |
| **JAMES R. FISHER,** | : | **ORDER OF FORFEITURE** |
| | : | |
| **Defendant.** | : | |

### CONSENT MOTION FOR ORDER OF FORFEITURE

The United States of America, by its undersigned counsel, respectfully submits this Consent Motion for an Order of Forfeiture, in the form of a personal money judgment in the above entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1.　　On January 21, 2008, the Defendant, James Fisher, executed a Plea Agreement with the United States in which he agreed to plead guilty to a one-count Information charging him with bribery in violation of 18 U.S.C. § 201(b).

2.　　In connection with his Plea Agreement, the defendant stipulated that he derived $40,000 from the offense for which he has pleaded guilty. <u>See</u> Statement of Offense ¶ 11; Plea Agreement ¶ 7.

3.　　No specific assets are to be forfeited in connection with the resolution of this criminal action. The Information, however, sought forfeiture of substitute property, up to the value of the proceeds derived from the crime for which the defendant was convicted.

4.　　The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 981(a)(1)(C), which provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity'" is subject to

forfeiture to the United States, and 28 U.S.C. § 2461(c), which provides that where "forfeiture of property is authorized in connection with a violation of an Act of Congress . . . but no specific statutory provision is made for criminal forfeiture" the Government may seek forfeiture in a criminal case and, "upon conviction, the court shall order the forfeiture of the property."

5.    Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, provides, in relevant part, that "[i]f the government seeks a personal money judgment against the defendant, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement."

6.    With respect to the money judgment in the amount of $40,000, the United States seeks entry of an Order of Forfeiture in the form of a personal money judgment.

7.    The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. See United States v. Baker, 227 F.3d 955 (7th Cir. 2000) (forfeiture order may include money judgment for amount of money involved in money laundering offense); United States v. Voigt, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (Government entitled to personal money judgment equal to amount of money involved in money laundering offense); United States v. Navarro-Ordas, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against defendant for amount of illegally obtained proceeds).

8.    When a money judgment is entered against a defendant, the Court may order forfeiture of specific property of the defendant, having a value up to the amount of the money judgment, in satisfaction of the money judgment. Fed. R. Crim. Pro. 32.2(e)(1)(B); see United States v. Davis, 177 F. Supp. 2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly

traceable to offense, it can be forfeited as substitute asset and used to satisfy money judgment); United States v. Numisgroup Intl. Corp., 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy money judgment, including judgment based on value of missing proceeds and value of missing facilitating property).

9.    The Defendant knowingly, voluntarily, and intelligently consents to the relief requested in this motion. Specifically, the Defendant agrees to forfeit his interest in $40,000.00 to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), as personal property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense in Count One of the Information. In satisfaction of that forfeiture, the Defendant further agrees that, on or before the date set for his sentencing, he will deliver a cashier's check for $40,000.00, made payable to the United States Marshals Service, to a Special Agent of the Federal Bureau of Investigation as directed by Trial Attorneys Daniel A. Petalas and Richard B. Evans of the Public Integrity Section, Criminal Division, United States Department of Justice.

10.    Accordingly, and pursuant to the Defendant's express consent, the United States seeks the entry of an Order of Forfeiture consisting of a personal money judgment against the defendant in the amount of $40,000.

WHEREFORE, by virtue of the plea agreement and the determination of the amount of money derived from the offense for which the Defendant has been convicted, the United States respectfully requests that this Court enter the attached proposed Order of Forfeiture against the Defendant, James R. Fisher.

Respectfully submitted,

WILLIAM M. WELCH II,
Chief

DANIEL A. PETALAS
RICHARD B. EVANS
Trial Attorneys
Public Integrity Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
202-514-1412
202-514-3003 (facsimile)
dan.petalas@usdoj.gov
richard.b.evans@usdoj.gov

*Counsel for the United States*

CYNTHIA KATKISH, ESQ.
Law Offices of Cynthia Katkish
601 Pennsylvania Avenue, NW
Suite 900 South Building
Washington, DC 20004
(202) 997-1386
(202) 639-2000 (facsimile)
ckatkish1@comcast.net

*Counsel for James R. Fisher*

JAMES R. FISHER
*Defendant*

4

Respectfully submitted,

WILLIAM M. WELCH II,
Chief

DANIEL I. PETALAS
RICHARD B. EVANS
Trial Attorneys
Public Integrity Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
202-514-14 2
202-514-30 3 (facsimile)
dan.petalas@usdoj.gov
richard.b.evans@usdoj.gov

*Counsel for the United States*

CYNTHIA KATKISH, ESQ.    *DAP*
Law Offices of Cynthia Katkish
601 Pennsylvania Avenue, NW
Suite 900 South Building
Washington, DC 20004
(202) 997-1386
(202) 639-2000 (facsimile)
ckatkish1@comcast.net

*Counsel for James R. Fisher*

JAMES R. FISHER    *DAP*
*Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this __15th__ day of February, 2008, I caused a true and correct copy of the foregoing motion and proposed order to be served upon the following counsel of record by United States mail, first-class postage pre-paid:


Daniel A. Petalas
Trial Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **Criminal No.    08-0012-RMU** |
| | : | |
| **JAMES R. FISHER,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1.    By virtue of the Defendant's guilty plea on Count One of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, the Defendant shall forfeit to the United States all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as the result of such violation.

2.    The Court has determined based on the Defendant's plea agreement that the Defendant shall forfeit to the United States the sum of $40,000 pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461.  On or before the date set for his sentencing, the Defendant shall deliver a cashier's check for $40,000.00, made payable to the United States Marshals Service, to a Special Agent of the Federal Bureau of Investigation as directed by Trial Attorneys Daniel A. Petalas and Richard B. Evans of the Public Integrity Section, Criminal Division, United States Department of Justice.

3.    Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

4.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

5.    The Clerk of the Court shall forward four certified copies of this order to Daniel

A. Petalas, Trial Attorney, Public Integrity Section, U.S. Department of Justice.

SO ORDERED:

Dated:

_____
HONORABLE RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE