UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.   08-cr-0012 (RMU) |
| v. : | |
| JAMES R. FISHER, : | |
| Defendant. : | |

## GOVERNMENT RESPONSE TO
## DEFENDANT FISHER'S SENTENCING MEMORANDUM

The United States of America, by and through its undersigned counsel, respectfully submits its Reply to the Sentencing Memorandum of the defendant, James R. Fisher.

Defendant Fisher demanded at least $40,000 in bribe payments, ordered other services of personal benefit as if off a menu, and did so over a period spanning several years, all without the least suggestion of remorse or hesitation about corrupting his official duties and responsibilities for personal gain.  Defendant Fisher asks this Court for a dramatic downward departure to a term of probation as punishment for his repeated solicitation and acceptance of bribes, in violation of 18 U.S.C. § 201(b)(2), with a total offense level of 17 and a corresponding Guidelines range of 24-30 months.  In support of his request for probation, defendant Fisher presents several arguments, all of which are without merit.

Defendant Fisher first argues that his exemplary military service warrants a sentence of probation, but *United States v. Pipich*, 688 F. Supp. 191 (D. Md. 1988), the only published authority cited by defendant Fisher to support this argument, was superseded by the United States Sentencing Commission ("Sentencing Commission") three years after it was decided.  *See* U.S. SENTENCING GUIDELINES MANUAL §5H1.11 (2007) ("Military, civic, charitable, or public

service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a departure is warranted.").

While discouraged features, such as exemplary military service, are not forbidden bases for departures, they are to be relied on only in those exceptional cases that are "outside the heartland of the applicable Guideline." *Koon v. United States*, 518 U.S. 81, 109 (1996). Defendant Fisher is clearly not one of those exceptional cases. Rather, a more analogous case is *United States v. Given*, 164 F.3d 389 (7th Cir. 1999), which affirmed a district court's refusal to depart downward based on exemplary military service. *See also United States v. Winters*, 105 F.3d 200, 209 (5th Cir. 1997) (reversing the district court's downward departure based on defendant's military record); *United States v. Peters*, 978 F.2d 166, 171 (5th Cir. 1992) (affirming the district court's refusal to depart downward based on an offender's exemplary military record, which included the receipt of two purple hearts and a distinguished flying cross).

In *Given*, the offense conduct was public corruption, not unlike defendant Fisher. There, Hicks, a co-defendant, argued that "the judge should have given him a downward departure based on his 'exemplary military service.'" *Given*, 164 F.3d at 395. But the Seventh Circuit called this claim "meritless" and "frivolous." *Id.* The court went on to note with significance that "the judge's determination that Hick's military service, although exemplary, occurred 25 years ago and was not so extraordinary as to be a mitigation against his crimes, was well founded." *Id.* Here, defendant Fisher retired from the United States Marine Corps in 1971, 32 years before he commenced the criminal conduct that led to this conviction, and his time in the United States Naval Reserves certainly does not create the kind of exceptional case envisioned by the Sentencing Commission in §5H1.11 or the Supreme Court in *Koon*, and more properly falls

into the category described by the *Given* court as "not so extraordinary as to be a mitigation against his crimes . . . ." *Id.*

Moreover, although *Pipich* was superseded, it is also worth noting that Pipich violated 18 U.S.C. § 3551, with a total offense level of 7 and a corresponding Guidelines range of 1-7 months. *Pipich*, 688 F. Supp. at 192. By stark contrast, defendant Fisher's criminal conduct carries an offense level of 17 and a corresponding Guidelines range of 24-30 months. Also, in *Pipich* the court took note of the fact that the government took no position on the issue of probation or a downward departure based on the defendant's military service. *Id.* Here, the United States is strongly opposed to a term of probation for defendant Fisher. Thus, there is no authority, even pre-§5H1.11, that supports the kind of dramatic departure sought by defendant Fisher.

Next, defendant Fisher argues that his employment history militates in favor of probation. First, the same provision of the United States Sentencing Guidelines that discourages downward departures for military service also discourages downward departures based on "employment-related contributions." *See* U.S. SENTENCING GUIDELINES MANUAL §5H1.11. Even in *Pipich*, the authority cited by defendant Fisher to support a downward departure for his exemplary military service, the court noted that "[a]ccording to the Sentencing Commission's policy statement at *Guideline §5H1.5*, '[e]mployment record is not ordinarily relevant in determining whether a sentence should be outside the guidelines . . . .'" *Pipich*, 688 F. Supp. at 192; *see also Winters*, 105 F.3d at 209 (reversing the district court's reliance on an offender's employment record to deviate from the Guidelines, noting that any departure based on employment history must contain "some compelling statement that would indicate how this case is outside the normal heartland of cases").

Moreover, defendant Fisher's employment is not a mitigating factor, but an aggravating factor. Indeed, it is precisely defendant Fisher's abuse of his employment as a public official that enabled him to commit these crimes and abuse the public's trust for personal gain.

Next, defendant Fisher argues for probation based on his age and the fact that he has no prior convictions, creating a low risk of recidivism. But defendant Fisher's criminal conduct was not limited to an isolated incident. To the contrary, defendant Fisher's criminal conduct took place over at least a four-year period and involved numerous bribes. Moreover, the Sentencing Guidelines already take a lack of criminal history and a low risk of recidivism into account. Indeed, the Sentencing Commission unequivocally declares that with respect to downward departures for criminal history, "[a] departure below the lower limit of the applicable guideline range for Criminal History Category I is prohibited." U.S. SENTENCING GUIDELINES MANUAL §4A1.3(b)(2)(A). The Sentencing Commission goes on to clarify that

> A departure below the lower limit of the applicable guideline range for Criminal History Category I is prohibited under subsection (b)(2)(B), due to the fact that the lower limit of the guideline range for Criminal History Category I is set for a first offender with the lowest risk of recidivism.

U.S. SENTENCING GUIDELINES MANUAL cmt. n.3.

Next, defendant Fisher argues for probation based on his medical condition. But as the Guidelines state and courts have uniformly acknowledged, a defendant's age and physical condition are not ordinarily relevant in determining whether a sentence should be outside the applicable Guidelines range. *United States v. Brooke*, 308 F. 3d 17, 19 (D.C. Cir. 2002). Sentencing below the Guidelines range because of a physical condition requires the defendant to have an "extraordinary physical impairment," not that the defendant be merely infirm. *Id.* at 21. Further, the United States Bureau of Prisons ("BOP") is likely able to accommodate defendant Fisher's condition and this fact is probative in determining whether an extraordinary impairment

4

has been shown. *United States v. Krilich*, 257 F.3d 689, 693 (7th Cir. 2001); *United States v. Altman*, 48 F.3d 96, 104 (2d Cir. 1995); *see also United States v. Coughlin*, 500 F.3d 813, 818-19 (8th Cir. 2007) (ruling that the district court clearly erred where, among other reasons, the BOP had the capability to provide any necessary medical care or medication); *United States v. Washington*, 467 F.3d 1122, 1124-25 (8th Cir. 2006) (observing that the BOP verified that it could manage the defendant's severe medical condition, and the court found that the BOP could ensure that the defendant was in compliance with the doctor's orders).[1]

Courts have denied downward departures for serious, chronic, and life-threatening diseases much like those from which defendant Fisher claims to suffer, finding that they were not extraordinary for sentencing purposes, and those findings have been routinely upheld on appeal, just as downward departures premised on such conditions have been reversed on appeal. *E.g., Coughlin*, 500 F.3d at 816, 818-19 (reversing a downward departure for an obese defendant who was routinely taking 13 different medications, had survived sudden cardiac death, had an implantable cardioverter defibrillator, and suffered from numerous other ailments, including "cardiac arrhythmia, severe pulmonary hypertension, double vessel coronary atherosclerosis, type II diabetes, gout, ethmoid sinusitis, obesity, high blood pressure, severe allergies, and back and knee pain. . . . [and] severe obstructive sleep apnea, which necessitates the use of a continuous positive airway pressure machine at night to prevent a dangerous drop in [the defendant's] oxygen levels"); *Krilich*, 257 F.3d at 692 (reversing a downward departure based on chronic

---

[1] *See also, e.g., United States v. Hilton*, 946 F.2d 955, 960 (1st Cir. 1991) (holding that a severe skin condition requiring close medical supervision and frequent surgery is insufficient to support a downward departure because the inmate's medical needs were fully served by the prison system); *United States v. Jauregui-Perez*, 376 F. Supp. 2d 1060, 1062 (D. N.M. 2004) (denying downward departure motion where the defendant suffered from congestive heart failure that could be adequately treated by the BOP).

cardiovascular disease, chronic peripheral vascular disease with hypertension, obstructive pulmonary disease, and lower back pain with lumbar and lumbosacral origin); *United States v. LeBlanc*, 24 F.3d 340, 348-49 (1st Cir. 1994) (holding that a downward departure was not warranted where the defendant, who had suffered two heart attacks and suffered from coronary artery disease, could be treated with medication); *United States v. Carey*, 895 F.2d 318 (7th Cir. 1990) (ruling that the fact that the defendant is afflicted with cancer, without more, is not an extraordinary physical impairment).[2]

Furthermore, a variance would be unreasonable under 18 U.S.C. § 3553(a) for the same preceding reasons that a departure is unwarranted. The seriousness of the offense, the first consideration listed under § 3553(a)(2), is defined here by the damage defendant Fisher caused to the integrity of the government and warrants a sentence of incarceration. Moreover, the deterrence to criminal conduct, the second consideration listed under § 3553(a)(2), can only be secured with a sentence of incarceration. These factors are particularly pressing in light of defendant Fisher's repeated corruption of his government office and his egregious abuse of the public's trust by turning his official position into an opportunity for personal gain.

Finally, defendant Fisher argues for probation because the damage done to his reputation and the felony conviction are punishment enough. But it is not the conviction or the Government's prosecution that has tarnished defendant Fisher's reputation. It was defendant

---

[2] *See also Washington*, 467 F.3d at 1123-25 (affirming the district court's denial of a downward departure motion where the defendant weighed approximately 800 pounds at the time of arrest, suffered from hypertension, seizures, migraine headaches, and mild mental retardation); *Winters*, 105 F.3d at 208 (ruling that the defendant's chronic inflammation of multiple organs did not constitute a physical impairment warranting a departure); *United States v. Guajardo*, 950 F.2d 203, 208 (5th Cir. 1991) (holding that a downward departure is unwarranted for the defendant, who suffered from "cancer in remission, high blood pressure, a fused right ankle, an amputated left leg, and drug dependency"); *United States v. Goff*, 6 F.3d 363, 366 (6th Cir. 1993) (holding that a wheelchair bound quadriplegic is not entitled to a downward departure).

Fisher's conduct—the soliciting and accepting of numerous bribes, which he did repeatedly over a four-year period of time—that brings him before this Court for sentencing. Thus, this Court should decline to depart downward and should impose a term of incarceration within the Guidelines range.

Dated: May 9, 2008

        Respectfully submitted,

        WILLIAM M. WELCH II
        Chief, Public Integrity Section


        __/s/_____
        DANIEL A. PETALAS
        RICHARD B. EVANS
        PETER M. KOSKI
        Trial Attorneys
        Public Integrity Section
        Criminal Division
        U.S. Department of Justice
        10th Street & Constitution Ave., NW
        Bond Building, 12th Floor
        Washington, DC 20530
        (202) 307-3589 - direct number
        (202) 514-3003 - facsimile
        E-mail: Peter.Koski@usdoj.gov

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 9th day of May, 2008, I caused to be electronically filed with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of this filing to the following attorney of record:

Cynthia Katkish, Esq.
Law Offices of Cynthia Katkish
601 Pennsylvania Ave. NW
Suite 900 South Building
Washington, DC. 20004

__/s/_____
DANIEL A. PETALAS
RICHARD B. EVANS
PETER M. KOSKI
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice
10th Street & Constitution Ave., NW
Bond Building, 12th Floor
Washington, DC 20530
(202) 307-3589 - direct number
(202) 514-3003 - facsimile
E-mail: Peter.Koski@usdoj.gov